**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CACTUS WELLHEAD, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-01010-JRG |
| | § | |
| CAMERON INTERNATIONAL | § | |
| CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the Motion to Transfer Venue to the Southern District of Texas filed by

Defendant Cameron International Corp.  (Dkt. No. 19 ("Motion").)  In the Motion, Defendant

moves the Court to transfer this case to the Southern District of Texas.  (*Id.*)  Having considered

the Motion, all associated briefing, and the documents submitted in support thereof, the Court finds

that the Motion should be **DENIED**.

**I.      BACKGROUND**

Plaintiff Cactus Wellhead, LLC ("Cactus") filed this lawsuit alleging Defendant Cameron

International Corp. ("Cameron") infringes U.S. Patent No. 11,137,109 ("'109 Patent").  (Dkt.

No. 1.)  Cactus claims that Cameron's "Automated Valve Greasing System" infringes the '109

Patent, which relates to systems for greasing valves in fracking and well applications.  (*Id.* ¶¶ 17,

22–30, 32–33; Dkt. No. 1-1.)

Cameron filed the instant Motion to transfer, alleging among other issues that the Southern

District of Texas would be a "proper" venue for this case.  (Dkt. No. 19 at 4–5.)  Cameron does

not dispute that it uses accused systems in both of Texas' Haynesville and Eagle Ford shale basins

(i.e., areas where subsurface rock contains oil and/or natural gas).  (*See* Dkt. No. 35 at 2.)  The

Eastern District of Texas covers the Haynesville basin in Texas; the Western and Southern Districts of Texas cover the Eagle Ford basin.  (Dkt. Nos. 38-1, 38-2.)

## II.    LEGAL AUTHORITY

A federal district court may transfer a case under 28 U.S.C. § 1404(a) to "any other district or division where it might have been brought."  *Id.*   The applicable threshold inquiry for any § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)).  Under § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "[A] domestic corporation 'resides' only in its [s]tate of incorporation."  *TC Heartland*, 581 U.S. at 262.  A "regular and established place of business" must be a physical place in the district; regular and established; and the place of the defendant.  *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

The burden to prove that a case could have been properly brought in the proposed district falls on the party seeking transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*") ("[A] moving party, in order to support its claim for a transfer, must satisfy the statutory requirements."); *Iarnach Techs. Ltd. v. Charter Commc'ns Inc.*, No. 2:24-CV-00230-JRG, 2025 WL 509445, at *4 (E.D. Tex. Feb. 14, 2025).  Only if this burden is met must the Court then determine whether convenience warrants a transfer.  *See Charter Commc'ns*, 2025 WL 509445, at *4.

2

III.    **ANALYSIS**

As a threshold matter, Cameron has failed to show that venue would have been proper in the Southern District of Texas if this case had initially been filed there.  This threshold inquiry is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *Volkswagen I*, 371 F.3d at 203.  Cameron has failed to make this threshold showing, which obviates the need for any further transfer analysis.

A.    **Cameron failed to establish that the Southern District of Texas venue would be proper.**

Cameron failed to carry its burden of showing that venue is proper in the Southern District of Texas.  *See Volkswagen II*, 545 F.3d at 315.  It is undisputed that Cameron does not reside in the Southern District of Texas.  Cameron also has not shown that the alleged acts of infringement occurred in that district.

i.    <u>Cameron resides in Delaware, not the Southern District of Texas.</u>

Cameron somehow contends that it resides in the Southern District of Texas because Cactus collectively referred to Cameron and Schlumberger Technology Corp. ("STC") as acting together in the complaint.  (Dkt. No. 35 at 1–2.)  Cameron also contends that under 28 U.S.C. § 1391(c)(2) a defendant corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction."  (Dkt. No. 19 at 4–5.)  Cameron then concludes that venue is proper in this case, at least because Cameron is subject to personal jurisdiction in the Southern District of Texas.  (*Id.*)  Cameron's reliance on 28 U.S.C. § 1391 is misplaced.  As noted above, the sole statute for venue in patent cases is 28 U.S.C. § 1400.

In opposition, Cactus succinctly notes that Cameron is a Delaware corporation and resides there under *TC Heartland*.  (Dkt. No. 33 at 4.)

3

The Court agrees with Cactus.  For patent venue purposes Cameron resides in Delaware, not the Southern District of Texas.  As Cactus identifies, "a domestic corporation 'resides' only in its [s]tate of incorporation for purposes of the patent venue statute."  *TC Heartland*, 581 U.S. at 262.  Cameron is incorporated in Delaware (Dkt. No. 35 at 1–2), and such confirms that it "resides" there.

Cameron's arguments, stressing that Cactus initially sued both STC and Cameron, are inapt.  (*See id.*)  Whether Cactus referred to "Cameron and STC" collectively in its complaint, *see id.* at 2, is irrelevant because "a domestic corporation 'resides' *only* in its [s]tate of incorporation"; Cameron resides in Delaware regardless of Cameron's effort to latch onto STC's residence.  *See TC Heartland*, 581 U.S. at 262 (emphasis added).  Even so, the Court has previously dismissed STC from this case.  (Dkt. No. 31.)  *See Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021) (noting venue must be established for "each" defendant); *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *2 (Fed. Cir. Sept. 25, 1997) (nonprecedential) ("[A]s firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.").

Cameron's reliance on the general venue statute is clearly erroneous.  (*See* Dkt. No. 19 at 4–5.)  Cameron's opening brief cites 28 U.S.C. § 1391(c)(2) when arguing that venue would be proper in the Southern District of Texas because Cameron is subject to personal jurisdiction there.  Cameron mistakenly identifies the law.  *See TC Heartland*, 581 U.S. at 266 (citing *Fourco Glass*, 353 U.S. at 229) (explaining that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes).

4

ii.      <u>Cameron has not met its burden of showing that the alleged acts of infringement occurred in the Southern District of Texas.</u>

Cameron contends that it has a principal place of business in Houston and that this warrants transfer.  (Dkt. No. 35 at 1–2; Dkt. No. 19 at 5.)  Cameron also argues for the first time in its Reply that it generally "us[es] the Accused Systems in the Eagle Ford and Haynesville basins" and that "the significant majority of the counties in these basins are located outside" the Eastern District of Texas.  (Dkt. No. 35 at 1–2.)

Cactus argues that Cameron may have used the accused systems in the Eagle Ford and Haynesville basins, but it has "failed [to] identify a single location where the Accused Systems were used in the Southern District."  (Dkt. No. 38 at 1–2.)  As such it failed to meet its threshold burden.  *Id.*

The Court agrees with Cactus.  Cameron has not met its burden of showing that the alleged acts of infringement occurred in the Southern District of Texas.  *See Volkswagen II*, 545 F.3d 315; *Charter Commc'ns*, 2025 WL 509445, at *4.  Even if, *arguendo*, Cameron's Houston office establishes that Cameron has a regular and established place of business in the Southern District of Texas, Cameron's Motion does not establish that it used the accused systems in the Southern District of Texas.  (Dkt. No. 19.)  The general vicinity is not sufficient for venue.

The Court also disregards Cameron's arguments regarding the Eagle Ford and Haynesville basins because they were raised for the first time in its reply briefing.  *See Mullen Indus. LLC v. Samsung Elecs. Co.*, No. 2:24-CV-00049-JRG, 2025 WL 904389, at *2 (E.D. Tex. Mar. 25, 2025) ("While Defendants attempt to cure this deficiency in their Reply by introducing new evidence . . . , Defendants are prohibited from doing so.").

Even if the Court were to consider Cameron's new arguments regarding these basins, they simply fail to establish that Cameron has used the accused systems in the Southern District of

Texas. (*See* Dkt. No. 35 at 1–2.) The Eastern District of Texas covers the Haynesville basin in Texas. Both the Western and Southern Districts of Texas cover the Eagle Ford basin. (Dkt. Nos. 38-1, 38-2.) Although Cameron may have used the accused systems in the Eastern District of Texas (i.e., the Haynesville basin) and *somewhere* in the Western or Southern District of Texas (i.e., the Eagle Ford basin), Cameron has failed to make the statutorily required threshold showing. *See Charter Commc'ns*, 2025 WL 509445, at *3 (denying transfer when "Defendants fail[ed] to allege in the Motion that they have committed any acts of infringement in Colorado").[1]

**B.      Cameron's failure moots the public and private factor analysis.**

Since Cameron failed to carry its burden on the threshold issue establishing that venue would be proper in the Southern District of Texas, the Court need not analyze the private and public interest venue factors. *See Charter Commc'ns*, 2025 WL 509445, at *4.

**IV.      CONCLUSION**

For the reasons explained above, the Court finds that the Motion (Dkt. No. 19) should be and hereby is **DENIED**.

So ORDERED and SIGNED this 12th day of March, 2026.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] Cameron attached a list of wellheads to its briefing that lists the accused systems. (Dkt. No. 35-2.) Such does not identify *where* those wellheads are located. (*Id.*) Without such information, the Court cannot ascertain whether such wellheads are in the Southern District of Texas, the Western District of Texas, or elsewhere.

6